LUIS ENRIQUE ARROYO, RONALD AMY Y OSCAR CASTELLON
Proponente-Recurrente-Recurrido

v.

JUNTA DE PLANIFICACION DE PUERTO RICO
Demandada-Recurrida-Recurrente

Núm. KLCE-95-00035

San Juan, Puerto Rico, a 23 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Aponte Jiménez, Juez  Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El presente recurso plantea si la Junta de Planificación de Puerto Rico (en adelante *"la Junta"*), al enmendar planos de zonificación y adoptar acuerdos actuando en funciones cuasi legislativas está obligada a apercibir a una parte interesada, en la notificación que le remite,

sobre la fecha que va a comenzar a regir el acuerdo adoptado y el término de que dispone para revisar la resolución aprobada. Conforme lo intimado, mediante nuestra resolución de 10 de abril de 1995, resolvemos.

El trasfondo de hechos ante nuesta consideración es el siguiente: La Junta, celebró vista pública el 12 de noviembre de 1993 para considerar recomendaciones y planteamientos de la ciudadanía en relación con la delimitación y designación de Zonas de Interés Turístico en los municipios de Guánica y Lajas y la adopción de cambios y o enmiendas en los Mapas de Zonificación vigentes. El aviso al público notificando sobre la celebración de la vista, requerido por el Art. 27 de la Ley Número 75 del 24 de junio de 1975 (23 L.P.R.A. Sec. 62 Z), fue debidamente publicado el 27 de octubre de 1993 en el periódico El Nuevo Día. El mismo informó sobre la fecha, sitio y naturaleza de la vista. Entre los distritos a rezonificarse estaba el que comprende la Comunidad de San Jacinto en Guánica. Los recurridos ante este Foro (en adelante, *"recurridos"*), peticionarios-recurrentes ante el de instancia, en su carácter de dueños de solares y residencias en el Sector Cerro San Jacinto de Guánica acudieron a la vista pública. Se opusieron a la propuesta de la Junta para enmendar el Plano de Zonificación de Guánica en cuanto se refiere a la rezonificación del referido sector Cerro San Jacinto. Posteriormente, comparecieron por escrito exponiendo su reparo.

En reunión celebrada el 16 de marzo de 1994, la Junta aprobó y adoptó los Mapas de Interés Turístico delimitando y designando zonas de interés turístico en los municipios de Guánica y Lajas. La resolución emitida a esos efectos lleva el número 94-006-JP-ZIT. Asímismo, en reunión celebrada el 25 de marzo de 1994 aprobó y adoptó enmiendas a los Mapas de Zonificación correspondientes al Municipio de Guánica, mediante su resolución Z-29-U. En esta última reclasificó terrenos de la comunidad San Jacinto en Guánica que incluyen los de los recurridos, entre otros, de un Distrito Residencial de Baja Densidad Poblacional Cero (R-O) a un Distrito Residencial Turístico Uno (RT-1). Copia fiel y exacta de las resoluciones certificadas fueron notificadas por la Junta a los recurridos el 31 de mayo de 1994. La resolución número 94-006-JP-ZIT que delimita y designa las Zonas de Interés Turístico de Guánica no indica su fecha de vigencia ni apercibe a los recurridos sobre el término que disponen para revisar ante el Tribunal Superior de San Juan la resolución adoptada. La Z-29-U, que aprueba y adopta las enmiendas al Mapa de Zonificación de Guánica señala, en cuanto a su fecha de vigencia, que las hojas del Mapa de Zonificación enmendadas *"sustituirán"* las correspondientes del Mapa de Zonificación de Guánica *"luego de que se le dé cumplimiento a lo dispuesto en el Artículo 28 de la Ley Número 75 del 24 de junio de 1975"*. Tampoco apercibe sobre el término para revisar la resolución.

En la edición del 31 de mayo de 1994 del periódico El Nuevo Día se publicaron dos avisos. Uno notificó el acuerdo adoptado por la Junta designando las zonas de interés turístico en Lajas y Guánica. El otro notificó las enmiendas a los mapas de zonificación de Guánica que incluye el distrito donde ubican los terrenos de los recurridos. Ambos avisos contienen información referente a la ley que faculta a la Junta para actuar; los municipios concernidos; la fecha que se celebró la vista pública; la fecha que la Junta las aprobó; los lugares donde estarán expuestos los mapas correspondientes y la fecha que comenzarán a exponerse al público. El aviso referente a la designación de las zonas de interés turístico del Municipio de Guánica advirtió que el acuerdo de la Junta, adoptado el 16 de marzo de 1994, comenzaría a regir el 15 de junio de 1994. El que notificó la aprobación de la enmienda al Plano de Zonificación de Guánica que reclasificó, entre otras, la hoja del distrito donde ubican los terrenos de los recurrentes, señaló que dicha enmienda comenzaría a regir el 15 de junio de 1994, esto es, quince (15) días después de su publicación.

Inconforme con la enmienda adoptada por la Junta al Plano de Zonificación de Guánica que reclasifica el sector Cerro San Jacinto de un Distrito Residencial de Baja Densidad Poblacional Cero (R-O) a un Distrito Residencial Turístico Uno (RT-1), los recurridos

acudieron en revisión ante el Tribunal Superior, Sala de San Juan. Presentaron el recurso el 3 de agosto de 1994. Impugnaron los acuerdos adoptados por la Junta. Los señalamientos de error que imputaron a la Junta iban dirigidos al aspecto sustantivo de las resoluciones aprobadas. Señalaron que la resolución adoptada por la Junta aprobando el Plano de Zonificación de Guánica: (a) omitió consignar determinaciones de hecho y una exposición de la evidencia presentada por los recurridos; (b) la Junta no expuso declaración escrita sobre el impacto ambiental que produciría la rezonificación; y (c) la Junta abusó de su discreción al adoptar la enmienda al Mapa de Zonificación impugnada. Solicitaron del Tribunal la revocación de la resolución aprobada por la Junta en el caso Z-29-U, que enmendó el Mapa de Zonificación de Guánica y la del caso 94-006-JP-ZIT que adoptó la delimitación y designación de la Zona de Interés Turístico en el municipio de Guánica. Asímismo, solicitaron que se ordenase a la Junta mantener la zonificación R-O del Sector Cerro San Jacinto de Guánica.

La Junta compareció. Se opuso a lo solicitado por los recurridos. Adujo que el recurso de revisión instado utilizando el mecanismo provisto por el Art. 32 de la Ley Núm. 75 de 1975 (23 L.P.R.A. Sec. 63d(b)) ▮ fue presentado fuera de término. Alegó que la Sección 2.7 de la Ley Número 170 de agosto 12 de 1988 (3 L.P.R.A. Sec. 2127), conocida por Ley de Procedimiento Administrativo Uniforme (LPAU) dispone que para impugnar la validez de un procedimiento seguido por la Junta al adoptar reglas y reglamentos se fija un término de treinta (30) días, siguientes a la fecha de vigencia de dicha regla o reglamento. Que las resoluciones de la Junta designando las Zonas de Interés Turístico y adoptando la rezonificación del distrito donde ubican los terrenos de los recurridos, comenzaron a regir el 15 de junio de 1994, quince (15) días después de publicado en el periódico El Nuevo Día los avisos sobre las resoluciones adoptadas y que por consiguiente, el término para revisar la resolución de la Junta venció el 15 de julio de 1994, treinta (30) días después de que los acuerdos entraron en vigor.

El foro de instancia acogió el recurso. Ordenó devolver el caso a la Junta con instrucciones de notificar *"a las partes interesadas del derecho que le concede la Sec. 2.7 de la Ley Núm. 170 [3 L.P.R.A. Sec. 2127] de acudir ante el Tribunal Superior para impugnar la validez de las resoluciones aprobadas"*. Señaló que la Junta, al notificar a los recurridos sobre las enmiendas aprobadas, omitió señalarles la fecha que comenzarían a regir sus acuerdos. Resolvió que como las resoluciones notificadas también omitieron indicar a los recurridos el término que disponían para revisarlas ante el Tribunal Superior, la Junta *"está impedida de beneficiarse de sus actuaciones"*. En apoyo, citó lo resuelto por el Tribunal Supremo en *Carabani v. A.R.P.E.*, **93 JTS 35**. Al así resolver, incidió.

La facultad de la Junta de Planificación de Puerto Rico para establecer Zonas de Interés Turístico en cualquier parte de Puerto Rico --23 L.P.R.A. Sec. 1632-- se le concede con la encomienda de llevar a cabo la política pública de preservar los valores históricos de Puerto Rico y desarrollar el turismo mediante la conservación y protección de especiales lugares con potencial turístico. Para llevar a cabo dicho mandato es menester delegarle los poderes y otorgarle la discreción necesaria para que pueda realizar la finalidad que le confían. A esos fines, se le autoriza a establecer Zonas de Interés Turístico en cualquier parte de Puerto Rico y adoptar, promulgar y enmendar Mapas de Zonificación previo la celebración de vistas públicas.

Con el propósito de que el público acuda a las vistas y fomentar de ese modo la participación ciudadana en un concertado proceso de planificación, incluyendo la designación de Zonas de Interés Turístico, se requiere dar aviso sobre la celebración de las vistas. Es condición jurisdiccional que dicho aviso se publique en un periódico de circulación general no menos de quince (15) días antes de la celebración de las vistas. El aviso incluirá la fecha, el sitio y la naturaleza de las vistas. Art. 27 de la Ley 75 de 24 de junio de 1975. (23 L.P.R.A.

Sec. 62z) y Art. 3 de la Ley Núm. 374 de 14 de mayo de 1949 según enmendada, 23 L.P.R.A. Sec. 163.

No obstante, para imprimirle la debida flexibilidad a esas facultades delegadas a la Junta sin que se desvirtúe su propósito, el legislador específicamente clasificó el procedimiento que debe seguir la Junta para enmendar los planos de zonificación como uno de naturaleza cuasi legislativo. Acentuó de esa forma, su carácter informal no adversativo. Véase sobre ese extremo y sus efectos, Rathkoff's, *The Law of Zoning & Planning,* 4ta. ed. Clark Boardman Callaghan, Sec. 27A 05; Williams, *American Planning Law,* Callaghan, 1988 Sec. 16.11. También dispuso que *"[l]as actuaciones, decisiones o resoluciones de la Junta de Planificación en el ejercicio de [tales] funciones... ser[ían] finales".* Art. 32(b) de la Ley Núm. 75 de 24 de junio de 1975 (23 L.P.R.A. Sec. 63c(b).

En cuanto a las resoluciones estableciendo Zonas de Interés Turístico afirmativamente dispuso que *"serán efectivas y tendrán fuerza de ley a los quince (15) días de ser adoptadas por la Junta".* Sec. 163, *supra.* A nuestro juicio, resulta significativa la expresión del legislador de darle *"fuerza de ley"* y finalidad a los acuerdos de la Junta, designando Zonas de Interés Turístico a los quince (15) días de ser adoptados, compatible ello con la intención de conferirle igual naturaleza cuasi legislativa a tales funciones aun cuando no lo expresó tal y como lo hizo en lo referente a los Planos de Zonificación. En cuanto a la revisión judicial proveyó para que una parte interesada pudiese recurrir ante el Tribunal Superior de San Juan de las actuaciones, decisiones o resoluciones de la Junta en el ejercicio de sus funciones cuasi legislativas, *"dentro de un término de treinta (30) días naturales contados a partir de la publicación"* de la adopción o enmiendas aprobadas por la Junta. Sin embargo, restringió la revisión limitando su ámbito **a impugnar el procedimiento seguido por la Junta cuando ésta no haya observado los requisitos *"estatutarios"* exigidos para adoptar, promulgar o enmendar reglamentos y mapas,** 23 L.P.R.A. Sec. 63d(b), *supra.* Así distinguió dicha revisión de la disponible en el proceso adjudicativo de carácter cuasi judicial cuyo alcance no se limita a impugnar lo procesal por ser uno directo.

El procedimiento que la Junta debe observar en el ejercicio de las funciones cuasi legislativas delegadas para llevar a cabo la política pública enunciada, como en el caso que nos ocupa, se caracteriza por no estar más sujeto al rigor de los requisitos del debido proceso de lo que lo está el procedimiento en el ámbito legislativo al aprobar una ley. Contrasta así con el procedimiento adjudicativo y adversativo ante un organismo con facultades cuasi judiciales diseñado para dirimir controversias entre partes que por imperativo constitucional sí conlleva la cabal protección del debido proceso de ley. *Schwartz, Administrative Law,* Little, Brown and Company, 1974, Sec. 4.7, pág. 166. No obstante, se exige a los organismos que actúan en funciones cuasi legislativas así delegadas que al ejecutarlas cumplan sustancialmente con lo que dispone el estatuto concernido. *Schwartz, supra, ibid.*

En este caso los Artículos 31 y 32 de la Ley Núm. 75 de junio 24 de 1975 (23 L.P.R.A. Secs. 63c▉ y d) no requieren que al notificar a las personas interesadas de los acuerdos adoptados por la Junta se les aperciba del término que la ley provee para revisar dicho acuerdo. En ese sentido no compartimos con el foro de instancia su interpretación en cuanto a que lo resuelto en *Carabani v. A.R.P.E., supra,* resulta de aplicación a la situación de autos. En *Carabani* se trataba de una notificación que realizó la A.R.P.E. en el desempeño de su función adjudicativa cuasi judicial, no cuasi legislativa. Cualquier expresión del Tribunal Supremo sobre la paralización de los términos para apelar como resultado de haberse omitido apercibir a la parte afectada sobre el derecho a solicitar reconsideración o revisión en la notificación de la determinación del organismo debemos interpretarla dentro del contexto de la naturaleza de la función que ejercía la agencia en su carácter adversativo, adjudicativo y cuasi judicial, diferente a la que ejerce la Junta cuando al actuar en funciones cuasi legislativas adopta los acuerdos y emite las resoluciones que nos ocupan. Reiteradamente se

ha reconocido que cuando de procedimientos cuasi legislativos se trata, no son de aplicación las mismas exigencias que demanda el debido proceso comparado con los procedimientos cuasi judiciales. Véase, Hagman, *Urban Planning 2d.*, West 1986 Ch. 6, Sect. 6.4; Schwartz, ob. cit., Secs. 4.6 y 4.7.

Por otro lado, es de rigor destacar que aunque la notificación que precisa el Art. 31 de la Ley 75, *supra*, requiere que la Junta remita a personas interesadas *"copia certificada"* del acuerdo adoptado, dicho Artículo también le concede a la Junta como alternativa, la discreción de notificar, en su lugar, mediante la publicación de un aviso en un periódico de circulación general en Puerto Rico. En el caso ante nuestra consideración la Junta adoptó ambas alternativas. Notificó a los recurridos el 31 de mayo de 1994 y en igual fecha publicó en el Nuevo Día un resumen de lo aprobado mediante sus resoluciones de 16 de marzo de 1994, designando las Zonas de Interés Turístico en Guánica, y de 25 de mayo de 1994, aprobando enmiendas al Mapa de Zonificación de Guánica.

Sobre ese extremo de la sentencia dictada por el foro de instancia hemos examinado la resolución de la Junta Z-29-U de 25 de mayo de 1994 que adopta enmiendas al Plano de Zonificación de Guánica y el aviso publicado en el periódico. Tanto de la propia resolución como en el aviso publicado el 31 de mayo de 1994, contrario a lo que concluye el foro de instancia, contienen la fecha de vigencia. La resolución notificada a los recurridos expresa que las enmiendas a las hojas *"sustituirán, luego de que se le dé cumplimiento a lo dispuesto en el Artículo 28 de la Ley Número 75 del 24 de junio de 1975",* las hojas correspondientes del Mapa de Zonificación de Guánica. Precisamente dicho Artículo 28 (23 L.P.R.A. Sec. 63 ■ es el que establece que la vigencia de los acuerdos adoptados por la Junta comenzarán a regir quince (15) días después de su publicación en un periódico de circulación general. Sin mucho esfuerzo se puede deducir que de conformidad con la legislación citada, la resolución de la Junta adoptando enmiendas al Plano de Zonificación de Guánica comenzará a regir el 15 de junio de 1994. El aviso publicado el 31 de mayo de 1994 específicamente informa que la aprobación y adopción por la Junta de las enmiendas al Plano de Zonificación de Guánica *"regirán con toda su fuerza y vigor... a los quince (15) días a contar de la publicación [del] aviso, esto es, el 15 de junio de 1994".*

Ciertamente, el procedimiento seguido en relación con la resolución Z-29-U que enmienda el Plano de Zonificación de Guánica y reclasifica el distrito donde ubican los terrenos de los recurrentes, cumple a cabalidad no sólo con lo exigido por la Sección 2.7 de la Ley de Procedimiento Administrativo Uniforme, *supra* - sino que también con los requisitos de los Artículos 27 y 28 de la Ley 75 de 1975 (23 L.P.R.A. Secs. 62z5 y 63). Tanto del lenguaje utilizado en la resolución como en el aviso publicado se desprende la fecha de vigencia. Igualmente la vista pública previa exigida se celebró y se publicó el acuerdo en un periódico de circulación general antes de entrar en vigor.

Ahora bien, nos hemos percatado de lo siguiente: La Junta adoptó su resolución designando las Zonas de Interés Turístico en Guánica en su reunión de 16 de marzo de 1994. La notificación a los recurrentes tiene fecha de 31 de mayo de 1994. El aviso publicado en la edición del periódico El Nuevo Día de 31 de mayo de 1994 notifica al público sobre el acuerdo aprobado. Advierte que el mismo comenzará a regir el 15 de junio de 1994.

De conformidad con el Art. 3 de la Ley Núm. 374 de 14 de mayo de 1949, *supra*, las resoluciones aprobadas por la Junta designando Zonas de Interés Turístico *"serán efectivas y tendrán fuerza de ley a los quince (15) días de ser adoptadas por la Junta".* En virtud del referido Artículo, la resolución de la Junta aprobando la designación de Zonas de Interés Turístico en Guánica adoptada el 16 de marzo de 1994 comenzó a regir el 31 de marzo de 1994, quince (15) días después de su aprobación el 16 de marzo de 1994. No el 15 de junio de 1994 como inexplicablemente informa la Junta en el aviso publicado.

Dicha Ley 374 no tiene una exposición de motivos. Por razones quizás de política pública relacionadas con uno de nuestros mayores recursos como lo es el turismo y además para brindar al procedimiento mayor rigor y finalidad, el legislador optó por excluir de la ley el requisito de publicación exigido a la Junta cuando ésta aprueba o enmienda Planos de Zonificación. Conservó la obligación de celebrar la vista pública previa, exigida por la sección 62z, *supra*, aplicable también a cuando la Junta actúa para adoptar o enmendar Mapas de Zonificación. Asimismo, conservó lo dispuesto en el Art. I 31 de la Ley 75, *supra*, que requiere se notifique a los interesados con copia certificada de los acuerdos adoptados.

Aunque la obligación de notificar a las personas a que alude el citado artículo puede interpretarse como una de tipo directivo, en lugar de mandatorio, a la Junta comoquiera se le requiere la notificación, si no personal, mediante la publicación de un aviso en un periódico de circulación general en Puerto Rico.

La importancia de lo anterior para el caso de autos estriba en que el Art. 32d(b) de la Ley 75, *supra*, dispone que podrá impugnarse ante el Tribunal Superior, Sala de San Juan, **el procedimiento seguido por la Junta en cuanto a sus actuaciones, decisiones o resoluciones,** dentro de un término de treinta (30) días naturales contados a partir de la publicación de las resoluciones adoptando y aprobando sus acuerdos. Es decir, a los fines de que las personas interesadas puedan impugnar **el procedimiento que ha seguido la Junta** en cuanto a cualquier resolución adoptada designando zonas de interés turístico, se requiere que la Junta notifique su resolución a los interesados ya sea personalmente o mediante un aviso publicado en un periódico de circulación general al igual que cuando se trata de enmiendas a mapas de zonificación. Es desde la fecha que así se publica que comenzará a contarse el término de treinta (30) días para revisar ante el Tribunal Superior, Sala de San Juan, la resolución de la Junta designando zonas de interés turístico limitado dicho recurso a impugnar **el procedimiento seguido por la Junta para la adopción y aprobación de sus acuerdos.** Los avisos que notifican la adopción del acuerdo aprobado por la Junta enmendando el Plano de Zonificación de Guánica y designando las Zonas de Interés Turístico en dicho municipio se publicaron el 31 de mayo de 1994. El término para revisar dichas resoluciones en lo referente **al procedimiento seguido por la Junta** venció pues, el 30 de junio de 1994.

De otra parte, la Sec. 2.5(e) de la Ley de Procedimiento Administrativo Uniforme (LPAU), 3 L.P.R.A. Sec. 2125█ entre otras condiciones, exige que toda regla o reglamento que sea adoptado o enmendado deberá contener, *"la fecha de vigencia"*█ Sin embargo, la Sec. 2.7 del mismo ordenamiento, 3 L.P.R.A. Sec. 2127, establece que *"[u]na regla o reglamento ... será nulo si no cumpliere **sustancialmente** con las disposiciones de este Capítulo".* (Enfasis suplido.) Quiere decir, que para poder sostenerse la validez de una regla o reglamento es menester que la agencia haya cumplido **sustancialmente** con las disposiciones del Subcapítulo II de la Ley. La referida Sección 2.5 que requiere de una regla o reglamento que incluya su fecha de vigencia, forma parte del Subcapítulo II que también incluye la 2.7, *supra*.

Podemos apreciar, en lo referente a la resolución de la Junta 94-006-JP-ZIT que delimita y designa las Zonas de Interés Turístico de Guánica, que se cumplió a cabalidad con el resto de las condiciones que exige tanto la ley orgánica de la Junta como las que exige la LPAU. Se publicó un aviso en el periódico informando la fecha, el sitio y la naturaleza de la vista que habría de celebrarse para considerar la delimitación y designación de las Zonas de Interés Turístico en Guánica con no menos de quince (15) días antes de la fecha de la vista. El aviso a su vez informa sobre la ley que faculta a la Junta para actuar. En el texto se alude a la Ley de Procedimiento Administrativo Uniforme. También señala una exposición de motivos y en detalle destaca la localización de los distritos afectados, la zonificación propuesta por la Junta y las hojas de los Mapas de Zonificación que habrán de ser enmendados. Informa sobre los

lugares donde estarán expuestos los mapas gráficos designando con particularidad la zona de interés turístico que la Junta se propone delimitar y designar.

La vista exigida previa a dicho acuerdo adoptado se celebró. Los recurridos comparecieron asistidos de abogado. Aportaron su posición y formularon sus objeciones a los cambios y enmiendas propuestos por la Junta. Posteriormente, comparecieron por escrito. Fueron notificados con copia certificada de la resolución adoptada por la Junta designando las Zonas de Interés Turístico en Guánica. La resolución notificada contiene una cita de la disposición que autoriza su adopción; explica el propósito y razones para delimitar y designar las Zonas de Interés Turístico en Guánica; hace referencia a los mapas que adopta y expresa la fecha de su aprobación. Lo anterior patentiza que la Junta cumplió a cabalidad con el procedimiento estatutario para la designación de las Zonas de Interés Turístico y sustancialmente con las disposiciones de la Ley de Procedimiento Administrativo Uniforme.

Es cierto que la Junta notificó a los recurridos su resolución 94-006-JP-ZIT que delimita y designa las Zonas de Interés Turístico de Guánica el 31 de mayo de 1994, y que el anuncio que se publicó en esa misma fecha informa que el acuerdo así adoptado comenzaría a regir el 15 de junio de 1994. También que al 31 de mayo de 1994 ya la resolución de la Junta designando Zonas de Interés Turístico había cobrado fuerza de ley desde el 31 de marzo de 1994, o sea, quince días después de su aprobación. Igualmente es correcto que la resolución notificada a los recurrentes no contiene la fecha de vigencia. Reconocemos que el anuncio publicado en el Nuevo Día, que puede sustituir la notificación personal, informó que la resolución de la Junta designando Zonas de Interés Turístico en Guánica comenzaría a regir el 15 de junio de 1994, dos y medio (2 1/2) meses después de la fecha que según la ley había ya entrado en vigor. Aún así, dicho error sobre la fecha de vigencia de la referida resolución en lugar de perjudicar a los recurridos, los benefició. De éstos haber instado un recurso de revisión para impugnar la validez de dicho acuerdo de la Junta por haberse omitido la fecha de vigencia del mismo y lo hubiesen presentado dentro de los treinta (30) días que establece la sección 2.7 de la Ley de Procedimiento Administrativo Uniforme contados a partir de la fecha de vigencia informada en el aviso publicado, habría margen para aplicar la norma enunciada en *Carabani, supra,* utilizada por el foro de instancia en apoyo de su sentencia.

Independientemente de la equivocación de la Junta en ese sentido, resolvemos, que habiendo la Junta cumplido con el resto de los requisitos que le impone la ley, la magnitud de las desviaciones apuntadas no ameritan que dejemos sin efecto la resolución impugnada. Véase, Anderson, *American Law of Zoning* 3d., West, 1986, Secs. 401 a 4.24. Además los recurrentes no acudieron prontamente a objetar el procedimiento después de notificados y publicados los avisos. Presentaron su recurso de revisión ante el foro de instancia impugnando los aspectos sustantivos de las resoluciones de la Junta, treinta y cuatro (34) días después de haber transcurrido los treinta reglamentarios concedidos para cuando se reclama que la Junta no cumplió con los requisitos estatutarios en cuanto al procedimiento para la designación de Zonas de Interés Turístico, por vía del Art. 32 de la Ley 75, *supra,* y diecinueve (19) días después de haber transcurrido los treinta (30) días de que disponían si hubiesen alegado por vía de la Sec. 2.7 de la LPAU que la resolución notificada no contenía fecha de vigencia exigida por la Sec. 2.5 de ese mismo cuerpo.

Es decir, tomando cualesquiera de las dos fechas aquí envueltas como punto de partida, ya sea el 31 de mayo de 1994 --fecha de la publicación del anuncio en El Nuevo Día-- para invocar el Art. 32 de la Ley 75, o el 15 de junio de 1994 fecha que según el anuncio comenzaban a regir las resoluciones para invocar la sección 2.7 de la LPAU, al 3 de agosto de 1994 que los recurrentes presentan el recurso de revisión que nos ocupa, ya los treinta (30) días que disponían para revisar las resoluciones de la Junta, utilizando cualesquiera de los dos citados vehículos, habían transcurrido.

Por último, no podemos pasar por alto, que el recurso de revisión promovido por los recurrentes ante el foro de instancia va dirigido a impugnar los aspectos sustantivos de las resoluciones adoptadas por la Junta. La revisión que contempla el Art. 32 de la Ley Núm. 75 autorizando dicho recurso, cuando de ese vehículo se trata, está limitada a impugnar solamente el procedimiento seguido por la Junta en relación con los requisitos exigidos para adoptar sus acuerdos. La que concede la Sec. 2.7 de la LPAU, por su parte, está limitada a impugnar la validez de una regla o reglamento que **en su aprobación no cumpla con las disposiciones del Subcapítulo II de la Ley como lo es la omisión de la fecha de vigencia** en la regla o reglamento adoptado. Ninguno es vehículo apropiado para impugnar el aspecto sustantivo de las resoluciones adoptadas por la Junta que plantearon los recurridos ante el foro de instancia que produjo la sentencia que nos ocupa.

Por los motivos que anteceden, se expedirá el auto solicitado a los fines de revocar la sentencia recurrida y dejar en todo vigor y efecto las resoluciones 94-006-JP-ZIT de la Junta de Planificación de Puerto Rico que delimita y designa las Zonas de Interés Turístico de Guánica y la Z-29-U que enmienda el Mapa de Zonificación y reclasifica los terrenos de la Comunidad San Jacinto de dicho municipio.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 191

1. *"Las actuaciones, decisiones o resoluciones de la Junta de Planificación en el ejercicio de sus funciones cuasi legislativas, tales como la adopción y promulgación de reglamentos y mapas de zonificación, o las enmiendas a los mismos serán finales; Disponiéndose, que en los casos en que la Junta no cumpla con los requisitos estatutarios para la adopción y promulgación, o enmiendas a dichos reglamentos y mapas, podrá recurrirse ante el Tribunal Superior, Sala de San Juan, a impugnar el procedimiento seguido, dentro de un término de **treinta (30) días naturales**, contados a partir de la publicación de los mismos".* (Enfasis suplido.)

2. *"La Junta de Planificación de Puerto Rico queda por la presente facultada para establecer zonas antiguas o históricas, en coordinación con el Instituto de Cultura Puertorriqueña, y establecer zonas de interés turístico, en coordinación con la Compañía de Turismo en cualquier parte de Puerto Rico. Dichas zonas pueden incluir uno o más solares o pertenencias, o solamente parte de los mismos, bien sean de propiedad pública o privada; se establecerán siguiendo el procedimiento de previa vista pública dispuesto por la Sec. 62(Z) de este título y las resoluciones estableciendo dichas zonas serán efectivas y tendrán fuerza de ley a los quince (15) días de ser adoptadas por la Junta. Igual procedimiento será observado para la descontinuación, ampliación, reducción o cualquier modificación del área de tales zonas".*

3. *"La Junta remitirá a todo funcionario o individuo interesado, copias certificadas de todos los acuerdos adoptados por ella que conciernen a dicho funcionario o individuo. Cuando lo considere necesario, la Junta podrá hacer la notificación al funcionario o individuo interesado, mediante la publicación de un aviso en un periódico de circulación general de Puerto Rico".*

4. *"Una vez aprobada una enmienda a un Mapa de Zonificación por la Junta, no será necesaria la aprobación y firma del Gobernador de dicha enmienda y la misma entrará en vigor a los quince (15) días de publicación en un periódico de circulación general en Puerto Rico, sujeto a las disposiciones de la sec. 63c de este título".*

5. *"Antes de adoptar o enmendar, o de proponer que adopten o enmienden reglamentos, Mapas de Zonificación, Plan de Desarrollo Integral, Programa de Inversiones a Cuatro Años, Planes de Usos de Terrenos, u otros, la Junta celebrará vistas públicas luego de dar aviso al público, de la fecha, sitio y naturaleza de dichas vistas, mediante publicación del aviso en uno de los periódicos de circulación general en Puerto Rico con no menos de*

*quince (15) días de anticipación a la fecha de la vista".*

**6.** La Sec. 2.5 de Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. Sec. 2125 dispone: *"Toda regla o reglamento que sea adoptado o enmendado por una agencia deberá contener, además del texto, la siguiente información:*

*(a) una cita de la disposición legal que autoriza su adopción o enmienda;*

*(b) una explicación breve y concisa de sus propósitos o de las razones para su adopción o enmienda;*

*(c) una referencia a todas las reglas o reglamentos que se enmienden, deroguen o suspendan mediante su adopción;*

*(d) la fecha de su aprobación, y*

*(e) la fecha de vigencia".* (Enfasis suplido.)

**7.** Interpretamos que la designación por la Junta de Zonas de Interés Turístico y una enmienda a los Mapas de Zonificación como las que nos ocupan, es una regla o reglamento de conformidad con la definición que de ello brinda la Sección 1.3 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. Sec. 2102.

**8.** *"Cualquier acción para impugnar la validez de su faz de una regla o reglamento por el incumplimiento de las disposiciones de este Capítulo deberá iniciarse en el Tribunal Superior con competencia dentro de los (30) días siguientes a la fecha de vigencia de dicha regla o reglamento".*